Peck, J.
delivered the opinion of the court.
The act of assembly under which this judgment on motion was made, provides, “that if any sheriff, coroner or other officer of this State, shall fail or refuse to make a return of any execution which may come to his hands issuing from the clerk of the county, or clerk, of the district, where such sheriff coroner, or other officer resides, on or before the second day of the term to which said execution is made returnable, judgment may be rendered against such officer and his security for. the amount, &c. on proof that the execution came to such officer’s hands.”
This act being the pretended authority for the motion and judgment in Bedford county against the sheriff of Haywood county, it will at once be perceived that the judgment is not only erroneous, .but void, the court rendering the same not having jurisdiction of the person, nor of the subject matter, except by proceeding as at common law; and the only question is, whether equity will interpose to perpetually enjoin a void judgment, where it is obvious the party could also have relief at law; and we are all clearly of opinion, that we can and ought to entertain jurisdiction in such a case, and give relief by operating on the person by injunction. The sheriffs have duties to perform in their counties, and the law supposes them to be there ready to officiate when called upon. But if they are compelled to go to every county from which an execution issues to them, and there endeavor to obtain relief by certiorari, or motion, little time will be left them to attend to their duties at home; and there can be no doubt the legislature had *368 this in view when the law was passed authorizing judgment upon motion in the case provided for in the act. Against sheriffs, and other officers, summary re. medies are numerous; and whilst the courts have shown a willingness to execute them according to their plain import and meaning, they will not, nay, cannot extend them to cases not within the purview and intention. He who asks the benefit of a summary remedy, and that without notice, must understand that he takes that remedy at his peril; it is for him to see that he proceeds rightly under the act, so as to maintain the jurisdiction; for if this be wanting, it may well he taken as a fraud upon the jurisdiction, and operates as a fraud upon the person against whom such judgment is rendered.
It is contended, that this is amplifying the jurisdiction of chancery; we think otherwise. The authorities well maintain the jurisdiction.' This court will remove the cloud, thus imposingly placed over the person and property of another; and if the cost is excessive, or the mode unusual in this country, it will be the greater caution to such as may demand summary remedies in like cases.
Decree affirmed.